IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOODY BIBLE INSTITUTE OF CHICAGO, )<br>ROSITA NEVILLE and ARTHUR WULF, as )<br>supervised administrator of THE ESTATE OF )<br>GLORIA CAMPOS JOHNSON )<br>)<br>Defendants. ) | CASE NO.<br>FILED: JULY 8, 2008<br>08CV3894<br>JUDGE COAR<br>MAGISTRATE JUDGE KEYS<br><br>PH |

## COMPLAINT OF INTERPLEADER

Metropolitan Life Insurance Company ("MetLife"), for its Complaint of Interpleader against Moody Bible Institute of Chicago ("Moody Bible"), Rosita Neville ("Neville") and Arthur Wulf, as supervised administrator of the Estate of Gloria Campos Johnson ("Johnson Estate"), alleges as follows:

### PARTIES

1. MetLife is an insurance company organized under the laws of the state of New York with its principal place of business in Long Island City, New York. MetLife is duly licensed to do business in the state of Illinois.

2. Upon information and belief, defendant Moody Bible is a not-for-profit religious corporation organized under the laws of the state of Illinois with its principal place of business in Chicago, Illinois.

3. Upon information and belief, defendant Neville is a citizen and resident of Lawrence, Michigan.

4. Upon information and belief, defendant Johnson Estate is a citizen of Illinois.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332, in that this matter is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.  In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335(a) governing federal interpleader actions in that there is diversity among at least two of the interpleading defendants and there is more than $500 at issue.

7.  Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1397 because two claimants reside in the judicial district. Venue is also proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred in the judicial district.

## CAUSE OF ACTION IN INTERPLEADER
### Background Facts

8.  Gloria Johnson's husband Gerald J. Johnson worked for United Airlines, and had group life insurance coverage funded by MetLife, as part of his benefits package as a United Airlines employee. Gloria Johnson was the designated beneficiary for Gerald Johnson's life insurance policy.

9.  Mr. Gerald Johnson died on or around January 8, 2005, and the proceeds of his life insurance policy were payable to Gloria Johnson.

10. On or around February 7, 2005, Gloria Johnson opened MetLife Total Control Account No. 4048894146 (the "Account") for the purpose of maintaining the proceeds of Gerald Johnson's life insurance proceeds.

11. Upon information and belief, on or around May 19, 2005, Gloria Johnson

executed a beneficiary designation for the Account naming Neville and the Johnson Estate as co-primary beneficiaries of the Account. (5/19/05 Beneficiary Designation is attached hereto as Ex. A.)

12. Upon information and belief, on or around September 14, 2005, Gloria Johnson executed a beneficiary designation for the Account naming Moody Bible as sole primary beneficiary of the Account. (9/14/05 Beneficiary Designation is attached hereto as Ex. B.)

13. Gloria Johnson died in Cook County, Illinois on November 22, 2007. A true and correct copy of Gloria Johnson's death certificate is attached hereto as Ex. C.

14. Upon Gloria Johnson's death, MetLife became obligated to pay the balance of the Account, currently totaling approximately $363,254.10, to the rightful designated beneficiary.

15. The Total Control Account allows for designation of multiple primary beneficiaries. If more than one primary beneficiary is designated, the balance of the Account will be divided into equal shares payable to each surviving primary beneficiary or all to the last survivor.

**There Are Rival, Adverse and Competing Claims for the Account Benefits**

16. On or around March 10, 2008, the Johnson Estate made a claim for the Account proceeds. The Johnson Estate reiterated its claim via correspondence dated May 9, 2008. According to the Johnson Estate, Gloria Johnson's designation of Moody Bible as the sole primary beneficiary of the Account "may have been the result of undue influence or fraud, as Ms. Johnson was not in a normal state of mind." The Johnson Estate's claims correspondence is attached hereto as Group Ex. D.

17. On May 15, 2008 Moody Bible made a claim for the Account proceeds based upon the 9/14/05 Beneficiary Designation. Moody Bible's claims correspondence and

Claimant's Statement are attached hereto as Group Ex. E.

18. MetLife has not yet received a claim from Neville. However, MetLife anticipates a rival, adverse and competing claim by Neville for at least 50% of the Account proceeds based on the 5/19/05 Beneficiary Designation.

19. Moody Bible maintains that it is the rightful beneficiary based upon the 9/14/05 Beneficiary Designation.

20. Neville maintains that she is the appropriate co-beneficiary (entitled to 50% of the Account proceeds) based upon the 5/19/05 Beneficiary Designation in that Neville claims the 9/14/05 Beneficiary Designation was procured through fraud and undue influence rending the 9/14/05 Beneficiary Designation null and void.

21. The Johnson Estate maintains that it is the appropriate co-beneficiary (entitled to 50% of the Account proceeds) based upon the 5/19/05 Beneficiary Designation in that the Johnson Estate claims the 9/14/05 Beneficiary Designation was procured through fraud and undue influence rending the 9/14/05 Beneficiary Designation null and void.

22. Whether the 9/14/05 Beneficiary Designation is null and void due to fraud and/or undue influence remains unclear.

## **An Interpleader Action is Necessary**

23. MetLife cannot safely determine the proper beneficiary or beneficiaries of the Account proceeds.

24. Rival, adverse and competing actual or potential claims exist as to the Account proceeds, and MetLife has been unable to discharge its admitted liability without exposing itself to multiple liability, multiple lawsuits or both.

25. MetLife is a mere stakeholder with no interest in the controversy between

4

defendants and makes no claim to the benefits, other than payment of its reasonable attorneys' fees and costs incurred in connection with this interpleader action.

26. MetLife is ready, willing and able to pay the total Account proceeds of $363,254.10, plus any additional applicable interest into the Registry of this Court, or as this Court otherwise directs.

27. MetLife has not brought this Complaint for Interpleader at the request of any of the defendants; no fraud or collusion exists between MetLife and/or all the defendants; and MetLife brings this Complaint of its own free will to avoid being vexed and harassed by multiple conflicting claims.

28. MetLife therefore respectfully requests that this Court determine to whom these Account proceeds should be paid.

WHEREFORE, MetLife respectfully requests that this Court grant the following relief:

(i) An Order requiring the defendants to answer this Complaint for Interpleader and litigate their claims among themselves for the subject Account proceeds in this action;

(ii) An Order enjoining the defendants from instituting or prosecuting any proceeding in any state or United States Court affecting the Account benefits involved in this interpleader action pursuant to 28 U.S.C. § 2361;

(iii) An Order permitting MetLife to deposit the Account proceeds with the Registry of this Court or as this Court otherwise directs, upon entry of a Final Decree of Interpleader;

(iv) An Order discharging MetLife from any further liability upon payment of the aforementioned total Account benefits to the Registry of this Court, or

    as this Court otherwise directs;

(v)  An Order excusing MetLife from further attendance upon this cause and discharging MetLife from this case;

(vi)  An Order awarding MetLife its costs and reasonable attorneys' fees; and

(vii)  An Order awarding MetLife any other and further relief that this Court deems just and proper.

Dated: July 7, 2008       Respectfully submitted,

              METROPOLITAN LIFE INSURANCE COMPANY


              By:  /s/ Natalie A. Harris
                  One of its attorneys

Steven P. Mandell (ARDC #6183729)
Brendan A. Healey (ARDC #6243091)
Natalie A. Harris (ARDC #6272361)
MANDELL MENKES LLC
333 W. Wacker, Suite 300
Chicago, IL 60606
Tel: (312) 251-1000

170475

08CV3894

**BENEFICIARY DESIGNATION FORM FOR TOTAL CONTROL ACCOUNT®**
(Please read other side before completing this form.)

JUDGE COAR

**SECTION A: General Information** *(Please print.)*   MAGISTRATE JUDGE KEYS

Name of Accountholder: Gloria Johnson

Social Security No: 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     Telephone No.: (847) 301-9679

Total Control Account No: 404889 4146     Date of Birth 2/16/54

**SECTION B: Designation of Primary Beneficiary(ies)** *(Please print.)*

I designate the following beneficiary(ies) to receive the balance of my Total Control Account in the event of my death.

Name: Rosita Neville     Age: 64     Relationship: Aunt
Address: 58965 C.R. 215     City: Lawrence,     State: MI     Zip: 49064

Name: Estate     Age: ___     Relationship: ___
Address: ___     City: ___     State: ___     Zip: ___

If more than one primary beneficiary is designated, the balance of the Account will be divided into equal shares payable to each surviving primary beneficiary or all to the last survivor.

**SECTION C: (Optional) Designation of Contingent Beneficiary(ies)** *(Please print.)*

If no primary beneficiary is living at my death, I designate the following as contingent beneficiary(ies).

If more than one contingent beneficiary is designated, the balance of the Account will be divided into equal shares payable to each surviving contingent beneficiary or all to the last survivor. If no primary beneficiary or contingent beneficiary is living at my death, the funds will be payable to my estate.

**SECTION D: Signature and Date**

I reserve the exclusive right to change the above designation(s). Any such change will not be binding upon MetLife and certain of its affiliates unless made in writing and received by TCA department at the Iselin Office or other designated office. Such changes will be effective as of the date signed, except that changes will not apply to any payment made by or on behalf of MetLife before the change was received.

Signature: Gloria Johnson     Date: 5/19/5

Page 2 of 2

EXHIBIT A

METLIFE  Fax:7323264044  May 23 2008 13:14  P.03

08CV3894
JUDGE COAR
MAGISTRATE JUDGE KEYS

PH

## BENEFICIARY DESIGNATION FORM FOR TOTAL CONTROL ACCOUNT®
(Please read other side before completing this form.)

### SECTION A: General Information  (Please print.)

Name of Accountholder: **Gloria Johnson**

Social Security No: **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**   Telephone No.: **(847) 301-9679**

Total Control Account No: **4048894146**   Date of Birth **2/16/54**

### SECTION B: Designation of Primary Beneficiary(ies)  (Please print.)

I designate the following beneficiary(ies) to receive the balance of my Total Control Account in the event of my death.

Name **Moody Bible Institute**   Age —   Relationship **my church**

Address **820 N. LaSalle Blvd.**   City **Chicago**   State **IL**   Zip **60610-3284**

[remaining name/address lines blank, crossed out with large X]

TOTAL CONTROL ACCOUNT
SEP 19 2005

If more than one primary beneficiary is designated, the balance of the Account will be divided into equal shares payable to each surviving primary beneficiary or all to the last survivor.

### SECTION C: (Optional) Designation of Contingent Beneficiary(ies)  (Please print.)

If no primary beneficiary is living at my death, I designate the following as contingent beneficiary(ies).

[contingent beneficiary lines blank, crossed out with large X]

If more than one contingent beneficiary is designated, the balance of the Account will be divided into equal shares payable to each surviving contingent beneficiary or all to the last survivor. If no primary beneficiary or contingent beneficiary is living at my death, the funds will be payable to my estate.

5/26/05

### SECTION D: Signature and Date

I reserve the exclusive right to change the above designation(s). Any such change will not be binding upon MetLife and certain of its affiliates unless made in writing and received by TCA department at the Iselin Office or other designated office. Such changes will be effective as of the date signed, except that changes will not apply to any payment made by or on behalf of MetLife before the change was received.

Signature: **Gloria Johnson**   Date: **09/14/05**

Page 2 of 2

EXHIBIT B

METLIFE       Fax:7323264044        May 23 2008  13:15       P.17

STATE OF ILLINOIS)
County of Cook)              DAVID ORR, County Clerk                    May 16, 2008

I, David Orr, County Clerk of the County of Cook, in the State aforesaid, and Keeper of the Records and Files of said County do hereby certify that the attached is the true and correct copy of the original Record on file, all of which appears from the records and files in my office.

IN WITNESS THEREOF, I have hereunto set my hand and affixed the Seal of the County of Cook, at my office in the City of Chicago, in said County.

08CV3894
JUDGE COAR
MAGISTRATE JUDGE KEYS

*David D. Orr*
COUNTY CLERK

PH

## STATE OF ILLINOIS — MEDICAL CERTIFICATE OF DEATH

REGISTRATION DISTRICT NO. **16.0**
REGISTERED NUMBER: 69 Dec 07

DECEASED NAME: Gloria Johnson
SEX: Female
DATE OF DEATH: November 22, 2007
COUNTY OF DEATH: Cook
AGE: 53
DATE OF BIRTH: February 16, 1954
CITY: Hoffman Estates
HOSPITAL: St Alexius Medical Center — INPATIENT
BIRTHPLACE: Kalamazoo, Michigan
MARITAL STATUS: Widowed
ARMED FORCES: No
SOCIAL SECURITY NUMBER: 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
USUAL OCCUPATION: Data Entry
KIND OF BUSINESS: Airlines
EDUCATION: 12
RESIDENCE: 1404 Cabot Lane, Schaumburg, Cook, Illinois 60193
RACE: Caucasian
HISPANIC ORIGIN: No

FATHER: Olegario Campos
MOTHER: Juanita Tamez

INFORMANT: Yolanda Campos — Sister — 5668 Dahlia, Battle Creek, MI 49015

PART I. Immediate Cause: (a) Sepsis

AUTOPSY: No

I last saw him/her alive on: 11/22/07
CORONER NOTIFIED: Yes
HOUR OF DEATH: 2:10 P.M.
SIGNATURE: Niraja Reddy
DATE SIGNED: 11/28/07
NAME AND ADDRESS OF CERTIFIER: Niraja Reddy, 166 E. Bartlett Plaza, Bartlett, IL 60103
ILLINOIS LICENSE NUMBER: 036.109.003

DISPOSITION: Cremation — Twin Pines Crematory — East Dundee, Illinois — March 10, 2008
FUNERAL HOME: Michaels Funeral Home, 800 S. Roselle Rd, Schaumburg, Illinois 60193
FUNERAL DIRECTOR: Michael R. Dennicki — 034-014765
LOCAL REGISTRAR: David Orr
DATE FILED: MAR 20 2008

EXHIBIT C

METLIFE            Fax:7323264044         May 23 2008  13:14      P.05

08CV3894
JUDGE COAR
MAGISTRATE JUDGE KEYS

LAW OFFICES
## ARTHUR S. WULF
77 W. WASHINGTON - SUITE 1910
CHICAGO, ILLINOIS 60602

PH

TEL. (312) 984-3527
FAX (312) 984-0011

March 10, 2008

Metropolitan Life Insurance
Attn: Legal Department
485 East US Highway 1 South        BY UPS
Iselin, New Jersey  08830-4121     #1ZF3163F2210000466

Re: Estate of Gloria Campos Johnson
    Account #404-8894146
    SS# 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

Dear Sir:

   I have just been retained by the family of Gloria Campos Johnson, who died in November 2007. She had the above account, which had a balance on September 2006 of $383,978.

   This is an urgent matter. I attempted to call and/or fax you, but apparently no one is allowed to provide this information to me. Ms. Johnson was a disabled person, and was mentally incapacitated for several years before her death.

   It has just come to our attention that she executed a change of beneficiary designation back in 2005. We believe she indicated the Moody Bible Church as her new beneficiary. We believe this may have been the result of undue influence or fraud, as Ms. Johnson was not in a normal state of mind. We understand that you have recently sent out a claim form to the Church.

   This letter is to put you on NOTICE that if you pay out those proceeds without a court determination of the proper legal beneficiaries of those monies, we will bring an action against you to pay the same amount into the Probate Court. Therefore, we ask that you not make any distribution of this account, or any other account standing in Ms. Johnson's name, until the Court has had the opportunity to rule on this matter.

   It would be in your best interests, as well as all potential beneficiaries, if you either hold on to those monies, or pay them into the Probate Court, after I have had the opportunity to open an Estate. Any distribution by you will be as your own risk, for additional payment. Please indicate your concurrence by signing the bottom of this letter, and returning it to me.

                                      Sincerely,

                                      Arthur S. Wulf
                                      Arthur S. Wulf

The MetLife Insurance Company agrees to hold on to all monies related to Gloria Campos Johnson until a determination is made by the Probate Court of Cook County, Illinois.

                                      By: _____
                                          Authorized Representative

EXHIBIT
GROUP
D

METLIFE    Fax:7323264044    May 23 2008 13:14    P.08

# LAW OFFICES
# ARTHUR S. WULF
77 W. WASHINGTON - SUITE 1910
CHICAGO, ILLINOIS 60602

08 MAY 13 PM 4:10

TEL. (312) 984-3527
FAX (312) 984-0011

May 9, 2008

Metropolitan Life Insurance
Attn: Pat McGowan, Correspondent
485 East US Highway 1 South        By Fax: (
Iselin, New Jersey  08830-4121

Re: Estate of Gloria Campos Johnson
Account #404-8894146
SS# 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

Dear Ms. McGowan:

I have just been appointed Supervised Administrator of the Estate of Gloria Campos Johnson, who died in November 2007. She had the above account, which had a balance on September 2006 of $383,978. I enclose a copy of the Order Appointing Representative.

I enclose a copy of your letter of April 22, in response to my letter of March 10, which told MetLife not to disburse these funds, as we intend to challenge the distribution of the monies. You sent me a letter on April 22, indicating "a hold is placed on the account". I have just now received your letter of April 25, which seems to contradict your earlier statement.

I want to make sure that MetLife is not going to disburse any monies until this matter is resolved in the Probate Court. You seem now to be requiring me to obtain a court order directing MetLife "not to disburse the funds". I don't want to spend time in court to get such an order, unless it is necessary. Your letter of April 25 has confused me.

Please send me a letter from your legal counsel, either confirming that you will hold these funds until a resolution has been reached, or specifically stating that you require a specific court order to that effect. Your prompt response would be appreciated.

Please send me a fax number, so I can be sure that any future correspondence gets where it is supposed to go.

Sincerely,

Arthur S. Wulf

Phone: (800) 638-7283
Cc: L. Frost

Page 8 of 17 received at 5/23/2008 2:21:15 PM [Eastern Daylight Time] on server AS-LINYFAXSVR04.

08CV3894
JUDGE COAR
MAGISTRATE JUDGE KEYS

## JEREMIAH F. BRANSFIELD PARTNERSHIP
ATTORNEYS AND COUNSELORS AT LAW
ONE NORTH LA SALLE STREET, SUITE 2046
CHICAGO, ILLINOIS 60602

JEREMIAH F BRANSFIELD
(1933-1986)

THOMAS D. BRANSFIELD
JOHN P. BRANSFIELD

PH
PHONE (312) 236-5907
FAX (312) 236-5918

May 15, 2008

*Via UPS (800)638-7283*
MetLife
485-E US Highway 1
South 4th Floor
Iselin, NJ 08830-4121

Re:  Estate of Gloria Campos Johnson, Deceased
     MetLife Total Control Account No. 4048894146

Dear Madam or Sir:

Please be advised that the undersigned represents The Moody Bible Institute of Chicago in its capacity as beneficiary of a the above-described MetLife Annuity owned by Gloria Campos Johnson, Deceased.

Enclosed please find a completed claim form and a certified copy of the death certificate to assist you in processing our claim.

If you should have any questions, please feel free to contact me.

Very truly yours,

JOHN P. BRANSFIELD

MAY 1 9 2008

cc: Marvin E. Beckman
    Elizabeth A. S. Brown

EXHIBIT
GROUP
E

Total Control Account – Claimant's Statement

To process your claim, we need some information about you and the deceased. Each claimant must submit his or her own claim statement. Please mail this completed and signed form, along with other documents pertaining to the claim, in the envelope provided.

A. **Information about the deceased Total Control Accountholder (please print or type):**

1. His/Her Name: __Gloria__ __J__ __Johnson__
   First / Middle Initial / Last

2. His/Her Address: __1404 CABOT LANE__ __SCHAUMBURG__ __IL__ __60193__
   Street Address / Apt/Box No. (if any) / City / State / ZIP Code

3. His/Her Date of Birth: __2__/__16__/__1954__  Date of Death __11__/__22__/__2007__
   Month / Day / Year                         Month / Day / Year

4. His/Her Social Security Number __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__

5. Please list all Total Control Account numbers for which this claim is being made:
   __404 889 4146__

B. **Information about you (please print or type):** If filing as an individual, complete all questions in this section. If filing on behalf of the decedent's estate or as trustee of a trust, you may skip items 2 and 5.

1. Your Name: __The Moody Bible Institute__
   First / Middle Initial / Last

☐ If filing on behalf of the decedent's estate, check this box, and provide a copy of your appointment papers.

☐ If filing as a trustee on behalf of a trust, check here and provide name and date of trust: _____

2. Your Date of Birth: _____    Your Sex: ☐ Female ☐ Male
3. Your Phone Number: Day (312) 329-4141    Evening (   ) _____
4. Your Address: __820 N. LaSalle Blvd__ _____ __Chicago__ __IL__ __60610__
   Street Address / Apt/Box No. (if any) / City / State / ZIP Code
5. Your Relationship to the Deceased: ☐ Spouse ☐ Child ☐ Parent  Other __Beneficiary__

C. **Complete this section only if you are selecting a manner of payment other than the Total Control Account.** I understand that if my benefit is at least $5,000, I will receive a Total Control Account Money Market Option, unless I select an alternative option below.

| Name of Settlement Option/Manner of Payment | Duration (if Applicable) | Dollar Amount |
|---|---|---|
| Lump Sum Payment | | |

D. **Claimant Signature & Tax Certification** Your Social Security Number or Trust/Estate Identification Number (TIN), or if filing on behalf of a minor child, the minor child's Social Security Number: __36-1216/77 92__

If you are claiming on behalf of a minor child, please provide the child's name, address, and date of birth:

_____  __/__/__

Under the penalties of perjury, I certify: 1) That the number shown above is the correct taxpayer identification number; and 2) That I am not subject to backup withholding because: (a) I have not been notified by the IRS that I am subject to backup withholding as a result of failure to report all interest or dividends; or (b) the IRS has notified me that I am no longer subject to backup withholding; and 3) I am a U.S. citizen or a U.S. resident for tax purposes.

Any person who, knowingly and with intent to defraud any insurance company or other person, files a statement of claim with materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act. Please see next page for special notices required by state law.

Be sure to sign your name on this claim form as you would on a check. If the proceeds are paid to you via a Total Control Account, the signature you provide here will be used as your signature of record for that account.

THE MOODY BIBLE INSTITUTE OF CHICAGO

Sign here ⇒ __Marvin E. Beckman__          __5/12/08__
Your Signature                                    Date
MARVIN E. BECKMAN,
GENERAL COUNSEL

MAY 19 2008